## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

JANE DOE,

     PLAINTIFF,

v.                            CASE NO.: CV-14-J-2424-NE

UNITED STATES OF AMERICA,
et al.,

     DEFENDANTS.

### <u>MEMORANDUM OPINION and ORDER</u>

This case is before the court on the plaintiff's *pro se* complaint (doc. 1) which this court has considered *sua sponte*.     Federal courts are courts of limited jurisdiction. In *Smith v, GTE Corporation,* 236 F.3d 1292 (11th Cir.2001), the Eleventh Circuit Court of Appeals held that, because federal courts are powerless to act beyond the statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case and should itself raid the question of subject matter jurisdiction when a doubt about jurisdiction arises. *Id*. at 1299.  Having therefore considered said complaint, the court finds as follows:

Taking all of the allegations of the complaint as true, the court finds that the plaintiff names as defendants a wide variety of business, corporations, the presidents, directors and officers of corporations, individuals, and "Eric perverted caller (Canada)."  The plaintiff asserts that she suffered a hostile work environment, sexual

harassment, violation of religious freedom, freedom of speech denial, consumer rights violations, and a litany of other legal catch phrases, all of which were because she was a disabled employee and discriminated against because of her race, color, religion, sex and national origin.  She states she brings this action under Title VII and applicable Florida and Alabama laws.  The plaintiff also asserts her civil rights were violated, specifically freedom of speech, assembly, association and intentional infliction of emotional distress, and that "defendants" interfered with her expressing her faith.  Complaint, ¶¶ 3-4.  Finally, the plaintiff states this action is brought pursuant to Title VII to redress a hostile work environment.  Complaint, ¶ 5.

The plaintiff claims this court has venue because all defendants reside here and the events giving rise to her claim occurred in this district.  She asserts she "was a minor until she turned eighteen (19) in June of 2012."  Complaint, ¶ 6.  She asserts dual residency in Broward County, Florida and Madison County, Alabama, but at the time of the events stated, she was a student in the State of Florida.  Complaint, ¶¶ 7-8.

Having considered these allegations, the court cannot discern whether the plaintiff is in fact attempting to state a claim under Title VII for some type of employment discrimination and if so, by whom and when the plaintiff was employed.  Title VII claims may only be brought against an employer, and not a supervisor, co-worker, or the officers and directors of a corporation.  Moreover, any claim pursuant to Title VII must be preceded by the filing of a Charge with the EEOC.  Such a filing,

2

and a subsequent Notice of Right to File Suit, are conditions precedent to suing for Title VII violations in federal court.

If the plaintiff is attempting to state claims pursuant to 42 U.S.C. § 1983, any such claim arising prior to December 17, 2012, is barred.  Claims pursuant to § 1983 are measured by the personal injury limitations period of the state.  *See e.g., City of Rancho Palos Verdes, Cal. v. Abrams,* 544 U.S. 113, 124 n.5 (2005); *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir.1996).  Under Alabama law, that time period is two years.  Furthermore, while the plaintiff states that she is bringing a civil rights action, she has not pleaded any facts to support bringing such a claim against any defendant.  *See e.g., Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001), citing *Patrick v. Floyd Medical Center*, 201 F.3d 1313, 1315 (11th Cir. 2000) ("To obtain relief under § 1983, [a party] must show that [s]he was deprived of a federal right by a person acting under color of state law.").

Additionally, even assuming the plaintiff had stated a viable claim against any of the multitude of named defendant, the Federal Rules of Civil Procedure address the need for pleadings to be clear and precise.  The plaintiff's complaint has failed to meet this standard.  Rather, the plaintiff's complaint reads as a "shot gun pleading." Such pleadings "harm the court by impeding its ability to administer justice. '[W]ast[ing] scarce judicial and parajudicial resources ... impedes the due administration of justice...'" *Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir.2001).

3

Rule 8(a), Fed.R.Civ.Pro. provides that a pleading "which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds for the court's jurisdiction ..." and "a short and plain statement of the claim showing that the pleader is entitled to relief..." Fed.R.Civ.Pro. 8(a). Additionally, each claim for relief must be presented in a separate count. Fed.R.Civ.Pro. 10(b). A complaint should also contain such clarity and precision that the defendant will be able to discern what the plaintiff is claiming. *Anderson v. District Bd. of Trustees of Cent. Fla. Community College*, 77 F.3d 364, 366-67 (11th Cir.1996).

The complaint names defendants against whom no allegations are made. It names entities such as "Guitar Center," "Dominos Pizza Japan," and "John and Jane Does of the Toys r Us Pal line," without identifying any individual in any way. Such "shotgun pleading" is not allowed. *See Dinkins v. Charoen Pokphand*, 133 F.Supp.2d 1254, 1261 (M.D.Ala.2001).

The court cannot discern from the plaintiff's complaint whether the plaintiff was ever employed with any of the defendants listed, and if so, when she was employed, and what that employer allegedly did or did not do. No allegations are made against the majority of defendants. Finally, the court cannot even discern in what state, Alabama or Florida, the plaintiff was employed. This court does not have the duty to create claims which the plaintiff has not spelled out in her pleadings. *See Case v. State Farm Mut. Auto. Ins. Co.,* 294 F.2d 676, 677-78 (5th Cir.1961); *Strategic*

4

*Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.,* 305 F.3d 1293, 1296 (11th Cir.2002).  To the extent the plaintiff's claims are not time barred, and to the extent they are not brought in an improper venue, the court is of the opinion they are due to be dismissed for failing to state a claim upon which relief may be granted.

Finding no viable cause of action, the court **DENIES** the plaintiff's motion for appointment of counsel further **ORDERS** that this case be and hereby is **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** this the 18th day of December, 2014.

INGE PRYTZ JOHNSON
SENIOR U.S. DISTRICT JUDGE